# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 11-667V

Filed: June 27, 2013

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Estate of NANCY L. HAYMAN     \*
by and through SEAN MASON as     \*
personal representative,     \*
    \*
          Petitioner,     \*
    \*       Attorneys' Fees & Costs Decision
v.     \*       Based on Stipulation of Fact
    \*
SECRETARY OF HEALTH     \*
AND HUMAN SERVICES,     \*
    \*
          Respondent.     \*
    \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Isaiah R. Kalinowski, Washington, DC, for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 27, 2013, the parties filed a stipulation of fact in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

In accordance with the General Order #9 requirement, petitioner's counsel asserts that petitioner did not incur any costs in pursuit of his petition.

Petitioner informally submitted a draft Application for Attorneys' Fees and Costs to respondent. During informal discussions, respondent raised objections to certain items. Based on these objections, petitioner now amends his request for attorneys' fees and costs and requests $13,000.00 in attorneys' fees and costs. Respondent does not object to the reduced amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$13,000.00**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Maglio, Christopher & Toale, PA in the amount of **$13,000.00**. The award for attorneys' fees and costs shall be forwarded to the main office of Maglio, Christopher & Toale, located at 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 27, 2013 /s/ Laura D. Millman
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.